**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KISHORE NATH, Individually and on behalf of all others similarly situated, | |
| Plaintiff, | |
| v. | Case No.: 1:21-cv-06365-BMC |
| LIGHTSPEED COMMERCE INC., DAX DASILVA, and BRANDON BLAIR NUSSEY, | Hon. Brian M. Cogan |
| Defendants. | |
| PETER PAPPAS, Individually and on behalf of all others similarly situated, | |
| Plaintiff, | |
| v. | Case No.: 1:21-cv-10304-VM |
| LIGHTSPEED COMMERCE INC. (f/k/a LIGHTSPEED POS INC.), DAX DASILVA, and BRANDON NUSSEY, | Hon. Victor Marrero |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF FOREST DIEGO LTD.'S MOTION FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**

## TABLE OF CONTENTS

**Page**

I.    FACTUAL BACKGROUND ................................................................................................ 2

II.   PROCEDURAL HISTORY ............................................................................................... 4

III.  ARGUMENT ...................................................................................................................... 5

    A.    Consolidation of the Actions Is Appropriate ....................................................... 5

    B.    Appointing Movants as Lead Plaintiffs Is Appropriate ...................................... 5

        1.   Movants Filed a Timely Motion. .................................................................. 7

        2.   Movants Have the Largest Financial Interest in the Relief Sought. ............ 8

        3.   Movants Satisfy the Relevant Requirements of Rule 23. ............................. 8

            a.    Movants' Claims Are Typical. ............................................................. 9

            b.    Movants Are Adequate Representatives. ............................................ 10

    C.    Approving Lead Plaintiffs' Choice of Counsel Is Appropriate. ...................... 11

IV.   CONCLUSION ................................................................................................................. 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Brady v. Top Ships Inc.,*
324 F. Supp. 3d 335 (E.D.N.Y. 2018) ............................................................................... 4, 5

*In re Cendant Corp.*,
264 F.3d 201 (3d Cir. 2001)................................................................................................... 7

*City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,*
269 F.R.D. 291 (S.D.N.Y. 2010) ........................................................................................... 7

*Deinnocentis v. Dropbox, Inc.,*
2020 U.S.  Dist. LEXIS 8680 (N.D. Cal. Jan. 16, 2020)........................................................ 8

*Ford v. VOXX Int'l Corp.,*
No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705 (E.D.N.Y. Apr. 13, 2015)............... 6

*In re Gentiva Sec. Litig.,*
281 F.R.D. 108 (E.D.N.Y. 2012) ........................................................................................... 6

*In re Hebron Tech. Co. Sec. Litig.,*
C.A. No. 1:20-cv-4450-PAE, 2020 US Dist LEXIS 169480 (S.D.N.Y. Sep. 16, 2020) .......... 4

*Kuriakose v. Fed. Home Loan Mortg. Co.,*
No. 1:08-cv-7281-JFK, 2008 WL 4974839 (S.D.N.Y. Nov. 24, 2008) .................................. 6

*Malriat v. Quantumscape Corp.*,
2021 U.S. Dist. LEXIS 76914 (N.D. Cal. April 20, 2021) ...................................................... 8

*Nickerson v. American Electric Power Company, Inc., et al.,*
No. 2:20-cv-04243-SDM-EPD, (S.D. Ohio Nov. 24, 2020) ................................................... 8

*Snyder v. Baozun Inc.,*
2020 U.S. Dist. LEXIS 163967 (S.D.N.Y. Sept. 8, 2020) ...................................................... 8

*Subramanian v. Watford, et. al.*,
2021 U.S. Dist. LEXIS 81823 (D. Colo. April 29, 2021)........................................................ 8

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*,
No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552 (E.D.N.Y. May 31, 2011)................... 6

*White Pine Invs. v. CVR Ref.,*
2021 U.S. Dist. LEXIS 1199 (S.D.N.Y. Jan. 5, 2021)............................................................ 8

**Statutes**

15 U.S.C. § 78u-4 ............................................................................................................ passim

**Rules**

FED. R. CIV. P. 23 .................................................................................................................. 1, 5, 7

Fed. R. Civ. P. 42(a) .............................................................................................................. 3, 4

Forest Diego Ltd. ("Movant") respectfully submits this memorandum of law in support of its motion ("Motion") to consolidate the above-captioned actions (the "Actions"), appoint it as lead plaintiff, and approve its selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel pursuant to Section 21D of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), on behalf of all persons and entities other than Defendants that purchased or otherwise acquired Lightspeed Commerce Inc. ("Lightspeed" or the "Company") securities from September 11, 2020 and November 3, 2021, inclusive (the "Class" who purchased during the "Class Period")[1], concerning claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder by the SEC, 17 C.F.R. § 240.10b-5, against Defendants Lightspeed, Dax Dasilva ("Dasilva"), and Brandon Blair Nussey ("Nussey") (collectively, "Defendants").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the Class who also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure are presumed to be the "most adequate" plaintiff—*i.e.*, the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate movant as lead plaintiff. Movant believes that it is the "most

---

[1] The action entitled *Nath v. Lightspeed Commerce Inc., et. al.,* Case No. 1:21-cv-06365-BMC (E.D.N.Y.) (the "*Nath* Action") defines the Class Period as September 11, 2020 through September 28, 2021, inclusive. The related securities class action styled *Pappas v. Lightspeed Commerce Inc., et al.,* Case No. 1:21-cv-10304-VM (S.D.N.Y.) (the "*Pappas* Action") defines the Class Period September 11, 2020 through November 3, 2021, inclusive. Movant adopts the most-inclusive Class Period defined in the *Pappas* Action, which is appropriate at this stage of the litigation. *See e.g. Ferreira v. Funko, Inc.,* No. 2:20-cv-02319-VAP-PJWx, 2020 U.S. Dist. LEXIS 106515, at *3 n.2 (C.D. Cal. June 11, 2020); *Hom v. Vale, S.A.,* 2016 U.S. Dist. LEXIS 28863, 2016 WL 880201, at *4 (S.D.N.Y. Mar. 7, 2016) ("[T]he Court finds that the use of the longer, more inclusive class period is proper . . . because the longer class period encompasses more potential class members and damages.").

adequate" movant, as defined by the PSLRA, and should be appointed lead plaintiff based on the substantial financial losses it suffered as a result of defendants' wrongful conduct as alleged in this litigation. Moreover, Movant satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as its claims are typical of other Class members' cla$ims and it will fairly and adequately represent the interests of the Class. In addition, Movant's selection of Levi & Korsinsky as Lead Counsel should be approved because the firm has substantial experience in securities class action litigation and the experience and resources to efficiently prosecute the Actions.

## I.      FACTUAL BACKGROUND[2]

Lightspeed provides commerce enabling Software as a Service (SaaS) platform for small and midsize businesses, retailers, restaurants, and golf course operators in Canada, the United States, Germany, Australia, and internationally. ¶ 2. The Company's cloud platforms are designed interrelated elements, such as omni-channel consumer experience, a comprehensive back-office operations management suite to improve customers' efficiency and insight, and the facilitation of payments. *Id.* Lightspeed's platform functionalities include full omni-channel capabilities, order-ahead and curbside pickup, point of sale, product and menu management, employee and inventory management, analytics and reporting, multi-location connectivity, loyalty, customer management, and tailored financial solutions. *Id.*

The Company was founded in 2005 as Lightspeed POS Inc. ¶ 3. Lightspeed conducted an initial public offering on the Toronto Stock Exchange in March 2019, issuing 15 million shares at $16 per share and raising $240 million in Canadian dollars (the "Canadian IPO"). *Id.* In September

---

[2] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Nath* Complaint") filed in the *Nath* Action. Citations to "*Pappas* ¶ __" are to paragraphs of the Class Action Complaint (the "*Pappas* Complaint") filed in the *Pappas* Action. Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Nath* and *Pappas* Complaints. The facts set forth in the *Nath* and *Pappas* Complaints are incorporated herein by reference.

2020, the Company conducted an initial public offering and listing on the New York Stock Exchange ("NYSE"), issuing 10,896,196 Subordinate Voting Shares at $30.5 per share for a total gross consideration of $332.3 million (the "U.S. IPO"). *Id.*

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and compliance policies. ¶ 4. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Lightspeed had misrepresented the strength of its business by, inter alia, overstating its customer count, gross transaction volume ("GTV"), and increase in Average Revenue Per User ("ARPU"), while concealing the Company's declining organic growth and business deterioration; (ii) Lightspeed had overstated the benefits and value of the Company's various acquisitions; (iii) accordingly, the Company had overstated its financial position and prospects; and (iv) as a result, the Company's public statements were materially false and misleading at all relevant times. *Id.*

Market analyst Spruce Point Capital Management published a report regarding Lightspeed on September 29, 2021, in addition to issuing a press release summarizing its findings. ¶ 5. The summary stated, that "[e]vidence shows that Lightspeed massively inflated its business pre-IPO, overstating its customer count by 85% and gross transaction volume ('GTV') by 10% – a payment volume metric that a former employee described as 'smoke and mirrors'"; that there was "[e]vidence of declining organic growth and business deterioration through Lightspeed's IPO, despite management's claims that Average Revenue Per User ('ARPU') is increasing"; and that the Company's "[r]ecent acquisition spree has come at escalating costs with no clear path to profitability, while management pursues aggressive revenue reporting practices." *Id.*

In response to this news, Lightspeed's stock price declined 12.2%, or $13.73 per share, to close on September 29, 2021 at $98.77 per share. ¶ 6.

3

Then, before the opening of trading on November 4, 2021, Lightspeed issued a press release announcing its second quarter 2022 ("2Q22") financial results for the interim period ended September 30, 2021. *Pappas* ¶ 10. While the Company's 2Q22 revenue grew 193% on a year-over-year basis to $133.2 million, a full half of that revenue came from new business acquisitions, while organic revenue in its core segments – subscriptions and transcriptions – grew a mere 58% - well below the 78% growth the Company had just touted on November 3rd in disputing the Spruce Capital Report findings. *Id.* More critically, the Company's guidance for the rest of its fiscal year 2022 ("FY22") demonstrated that its earlier revenue growth had indeed been driven primarily by the acquisitions as the Spruce Capital Report had charged, and that those tailwinds were now rapidly fading. *Id.* For its third quarter 2022 ("3Q22"), Lightspeed was now only forecasting revenues in the range of $140 million to $145 million – or a paltry 7% sequential revenue growth. *Id.* And for FY22, the Company was now only guiding for revenues of $520 million to $535 million, implying no sequential growth whatsoever in the Company's fourth quarter 2022 ("4Q22"). *Id.*

On this news – which confirmed the findings of the Spruce Capital Report and detailed the specific harm to the Company's financial results – the market price of the Company common stock declined even further, falling more than $27 per share from its close on November 3, 2021 of $98.97 per share to close down on November 4, 2021 at $71.36 per share, on unusually high trading volume of more than 13.5 million shares trading, or well more than fourteen times the average daily volume over the preceding ten trading days. *Pappas* ¶ 11.

## II.    PROCEDURAL HISTORY

Pending before this Court is the above-captioned *Nath* Action against the Defendants. Plaintiff Kishore Nath ("Nath") commenced the first-filed action on November 16, 2021. On that

same day, counsel acting on Nath's behalf published a notice on *Globe Newswire* announcing that a securities class action had been initiated against the Defendants. *See* Exhibit C ("Press Release") to the Declaration of Adam M. Apton in Support of Movant's Motion ("Apton Decl.").

On December 3, 2021, a substantially similar action was filed against Defendants in this Court, the *Pappas* Action, expanding the Class Period to encompass all shareholders who purchased or otherwise acquired securities of Lightspeed between September 11, 2020 and November 3, 2021, inclusive. Movant has requested consolidation of the *Nath* and *Pappas* Actions.

## III.   ARGUMENT

### A.   Consolidation of the Actions Is Appropriate

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter have been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered. 15 U.S.C. § 78u-4(a)(3)(B)(ii). Thereafter, the Court "shall appoint the most adequate plaintiff for the consolidated actions." *Id*.

Under the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a). "[C]ourts have taken the view that considerations of judicial economy favor consolidation." *Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001) (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990)). Consolidation is particularly appropriate in securities class action litigation. *See Martingano v. Am. Int'l Grp., Inc.,* Nos. 06-cv-1625-JG-JMA, 2006 U.S. Dist. LEXIS 47855, at *3-5 (E.D.N.Y. July 11, 2006) (citing *Ferrari v. Impath, Inc.,* 2004 U.S. Dist. LEXIS 13898, at *2 (S.D.N.Y. July 15, 2004)) ("In securities class action cases…courts have deemed consolidation particularly appropriate where the actions are based on the same public statements and reports, if there are

5

common questions of law and fact and [if] the defendant will not be prejudiced…" (citation and quotations omitted)); Courts, therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and misleading statements.

The Actions present similar factual and legal issues, as they all involve the same subject matter and are based on the same wrongful course of conduct. The Actions name substantially the same parties as defendants. Because they arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42(a) is appropriate. *See Celotex Corp.*, 899 F.2d at 1285.

### B.      Appointing Movant as Lead Plaintiff Is Appropriate

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" — *i.e.*, the plaintiffs most capable of adequately representing the interests of the Class — is the class member or group of class members that:

(aa) has either filed the complaint or made a motion in response to a notice. . .

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

6

15 U.S.C. § 78u-4(a)(3)(B)(iii).

The presumption "may be rebutted only upon proof by a purported member of the plaintiff class that the presumptively most adequate plaintiff—

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Movant satisfies the forgoing criteria and has complied with all of the PSLRA's requirements to be appointed lead plaintiff. Movant has, to the best of its knowledge, the largest financial interest in this litigation—having lost $225,694.00 as a result of its transactions and meets the relevant requirements of Federal Rule of Civil Procedure 23. *See* Loss Chart, Ex. B to Apton Decl. In addition, Movant is not aware of any unique defenses that Defendants could raise against it that would render it inadequate to represent the Class. Accordingly, Movant respectfully submits that it should be appointed as lead plaintiff. *See Brady v. Top Ships Inc.,* 324 F. Supp. 3d 335, 350 (E.D.N.Y. 2018).

### 1.    Movant Filed a Timely Motion.

On November 16, 2021, pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), counsel for *Nath* published the Press Release on *Globe Newswire*—a widely circulated national business-oriented wire service—announcing that a securities class action had been filed against defendants herein and advising purchasers of Lightspeed securities that they had 60 days from the publication of the November 16, 2021 notice to file a motion to be appointed as lead plaintiff. *See* Apton Decl., Ex. C; *In re Hebron Tech. Co. Sec. Litig.,* C.A. No. 1:20-cv-4450-PAE, 2020 US Dist LEXIS 169480, at *6 (S.D.N.Y. Sep. 16, 2020) (finding that a notice published on *Business Wire* satisfied Rule 23).

7

Movant timely filed its motion within the 60-day period following publication of the November 16, 2021 Press Release and submitted herewith a sworn certification attaching its transactions in Lightspeed securities and attesting that it is willing to serve as representative of the Class. *See* PSLRA Certification, Ex. A to Apton Decl. By making a timely motion in response to a PSLRA notice, Movant satisfies the first PSLRA requirement to be appointed as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa).

### 2. Movant Has the Largest Financial Interest in the Relief Sought.

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Movant believes that it has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and, accordingly, is presumed to be the "most adequate plaintiff."

Movant acquired Lightspeed securities at prices alleged to have been artificially inflated by Defendants' materially false and misleading statements and was injured thereby. As a result of Defendants' false statements, Movant suffered an approximate loss of $225,694.00. *See* Apton Decl., Ex. B. Movant is unaware of any other Class member claiming a larger financial interest in this matter that has filed a motion for appointment as lead plaintiff. Consequently, Movant believes that it has the "largest financial interest in the relief sought by the Class." Thus, Movant satisfies the second PSLRA requirement—the largest financial interest—and should be appointed as lead plaintiff for the Class. *See Top Ships,* 324 F. Supp. 3d at 350.

### 3. Movant Satisfies the Relevant Requirements of Rule 23.

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule

8

23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

FED. R. CIV. P. 23(a).

In making its determination that a lead plaintiff candidate satisfies the requirements of Rule 23, typicality and adequacy are the only provisions of Rule 23 that are to be considered. *Ford v. VOXX Int'l Corp.,* No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705, at *6 (E.D.N.Y. Apr. 13, 2015) (citing *In re Gentiva Sec. Litig.,* 281 F.R.D. 108, 112 (E.D.N.Y. 2012)). At the lead plaintiff stage of the litigation, Movant need only make a preliminary showing that it satisfies Rule 23's typicality and adequacy requirements. *Id.* at *6.

### a.       Movant's Claims Are Typical.

The Rule 23(a) typicality requirement is satisfied when a lead plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and lead plaintiff's claims are based on the same legal theory. *See Kuriakose v. Fed. Home Loan Mortg. Co.,* No. 1:08-cv-7281-JFK, 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008); Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

Movant's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movant alleges that Defendants' material misstatements and omissions concerning Lightspeed's business, operational and financial results violated the federal securities laws. Movant, like all members of the Class, purchased or otherwise acquired Lightspeed securities during the Class Period. *Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No.

10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552, at *12 (E.D.N.Y. May 31, 2011) (typicality satisfied where movants purchased stock at artificially inflated prices "and suffered damages as a result"). Accordingly, Movant's interests and claims are "typical" of the interests and claims of the Class.

### b.      Movant Is An Adequate Representative.

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,* 269 F.R.D. 291, 297 (S.D.N.Y. 2010). Movant has demonstrated its adequacy by retaining competent and experienced counsel, Levi & Korsinsky, with the resources and expertise to efficiently prosecute the Actions, and Movant's financial losses ensure that it has sufficient incentive to ensure the vigorous advocacy of the Actions. *See* Apton Decl., Ex. B. Movant is not aware that any conflict exists between its claims and those asserted on behalf of the Class.

Moreover, Movant's President, Hyman Joseph Eiley ("Eiley"), considers himself to be a sophisticated investor, having been investing in the stock market for sixty years. He resides in Toronto, Ontario, Canada, and possesses a Licentiate in Accounting, as well as a Bachelor of Commerce Degree, Bachelor of Arts Degree, and Certified Public Accountant and Chartered Accountant degrees. Eiley is currently retired, although he has been a private investor for the past twelve years, having interests in two personal investment holding companies. Forest Diego Ltd. is one of these investment companies. He is the President of Forest Diego Ltd. and duly authorized to act on its behalf. Further, Eiley has experience overseeing attorneys, as he has hired attorneys

10

for real estate and business matters relating to his various business ventures. Therefore, Movant will prosecute the Actions vigorously on behalf of the Class. *See* Apton Decl., Ex. D, Movant's Declaration in support of its motion.

Accordingly, Movant meets the adequacy requirement of Rule 23.

### C.     Approving Lead Plaintiff's Choice of Counsel Is Appropriate.

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d 201, 274 (3d Cir. 2001). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Movant has selected Levi & Korsinsky to pursue this litigation on its behalf and has retained the firm as the Class' Lead Counsel in the event it is appointed as lead plaintiff. Levi & Korsinsky possesses adequate experience in securities litigation and has successfully prosecuted numerous securities class actions on behalf of injured investors, as reflected by the Firm Résumé attached to the Apton Decl. as Ex. E. Moreover, Levi & Korsinsky has often been appointed as lead counsel in similar actions in this Circuit and across the country arising under the federal securities laws on behalf of investors. *See also e.g., In re Coinbase Global Securities Litigation,* No. 3:21-cv-05634-VC, Dkt. No. 87 (N.D. Cal. Nov. 5, 2021); *Subramanian v. Watford, et. al.*, 2021 U.S. Dist. LEXIS 81823, at *10 (D. Colo. April 29, 2021) (appointing Levi & Korsinsky noting they are "qualified, experienced, and able to vigorously conduct the proposed litigation."); *Daniels Family 2001 v. Las Vegas Sands Corp.,* 2021 U.S. Dist. LEXIS 974, at *8 (D. Nev. Jan. 5, 2021) (appointing Levi & Korsinsky as lead counsel noting the firm's "extensive experience in complex securities class actions"); *White Pine Invs. v. CVR Ref.,* 2021 U.S. Dist. LEXIS 1199, at *10 (S.D.N.Y. Jan. 5, 2021) appointing Levi & Korsinsky noting "the firm

11

has 'extensive experience' in this area of law and is sufficiently qualified to conduct this litigation"; *Deinnocentis v. Dropbox, Inc.,* 2020 U.S. Dist. LEXIS 8680, at *13 (N.D. Cal. Jan. 16, 2020); *Snyder v. Baozun Inc.,* 2020 U.S. Dist. LEXIS 163967, at *11 (S.D.N.Y. Sept. 8, 2020) appointing Levi & Korsinsky noting the firm has "obtained numerous favorable judgments for clients in these past representations"; *Nickerson v. American Electric Power Company, Inc., et al.,* No. 2:20-cv-04243-SDM-EPD, Dkt. No. 16 (S.D. Ohio Nov. 24, 2020). Thus, the Court may rest assured that by granting Movant's motion, the Class will receive the highest caliber of legal representation possible.

## IV.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court grant its Motion and enter an Order: (1) consolidating the Actions, (2) appointing Movant as Lead Plaintiff, (3) approving its selection of Levi & Korsinsky as Lead Counsel for the Class, and (4) granting such other relief as the Court may deem just and proper.


Dated: January 18, 2022                              Respectfully Submitted,

                                                     **LEVI & KORSINSKY, LLP**

                                                     By: */s/ Adam M. Apton*
                                                     Adam M. Apton (AS-8383)
                                                     55 Broadway, 10th Floor
                                                     New York, NY 10006
                                                     Tel: (212) 363-7500
                                                     Fax: (212) 363-7171
                                                     Email: aapton@zlk.com

                                                     *Lead Counsel for Forest Diego Ltd. and*
                                                     *[Proposed] Lead Counsel for the Class*


12