UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KISHORE NATH, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>LIGHTSPEED COMMERCE INC., DAX DASILVA, and BRANDON BLAIR NUSSEY,<br><br>Defendants. | Case No.  1:21-cv-06365-BMC |

MEMORANDUM OF LAW: (1) IN FURTHER SUPPORT OF MOTION OF DEBROB
INVESTMENTS LIMITED FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL
OF LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTION

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ...................................................................................................................... 2

      A.     DEBROB SHOULD BE APPOINTED LEAD PLAINTIFF ................................ 2

            1.     Debrob Has the "Largest Financial Interest" ............................................. 3

            2.     Debrob Otherwise Satisfies the Requirements of Rule 23 .......................... 4

      B.     LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED 5

CONCLUSION .................................................................................................................... 6

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aude v. Kobe Steel, Ltd.*,
   17-CV-10085, 2018 U.S. Dist. LEXIS 57591 (S.D.N.Y. Apr. 4, 2018) ..............................2, 4

*Chahal v. Credit Suisse Grp. AG*,
   18-CV-2268 *et al.*, 2018 U.S. Dist. LEXIS 104185 (S.D.N.Y. June 21, 2018) ...................2, 3

*Dookeran v. Xunlei Ltd.*,
   No. 18-cv-467 (RJS), 2018 WL 1779348 (S.D.N.Y. Apr. 12, 2018) .......................................4

*Foley v. Transocean Ltd.*,
   272 F.R.D. 126 (S.D.N.Y. 2011) .........................................................................................3, 4

*In re Comverse Tech., Inc. Sec. Litig.*,
   No. 06-CV-1825, 2007 WL 680779 (E.D.N.Y. Mar. 2, 2007).................................................3

*In re Molson Coors Brewing Co. Sec. Litig.*,
   233 F.R.D. 147 (D. Del. 2005) ...............................................................................................5

*In re Orion Sec. Litig.*,
   No. 08 Civ. 1328 (RJS), 2008 WL 2811358 (S.D.N.Y. July 7, 2008) .....................................4

*In re Vicuron Pharms., Inc. Sec. Litig.*,
   225 F.R.D. 421 (E.D. Pa. 2005)..............................................................................................3

*Janbay v. Canadian Solar, Inc.*,
   272 F.R.D. 113 (S.D.N.Y. 2010) ............................................................................................4

*Kaplan v. Gelfond*,
   240 F.R.D. 88 (S.D.N.Y. 2007) ..........................................................................................2, 4

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
   311 F.R.D. 373 (S.D.N.Y. 2015) ............................................................................................5

*Nurlybaev v. ZTO Express (Cayman) Inc.*,
   17-CV-06130 (LTS)(SN), 2017 U.S. Dist. LEXIS 187238 (S.D.N.Y. Nov. 13,
   2017) .....................................................................................................................................3

*Takara Trust v. Molex, Inc.*,
   229 F.R.D. 577 (N.D. Ill. 2005)..............................................................................................3

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
   589 F. Supp. 2d 388 (S.D.N.Y. 2008).....................................................................................5

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B) ...............................................................................................1, 2, 3, 5

Private Securities Litigation Reform Act of 1995 ................................................................ *passim*

**Rules**

Fed. R. Civ. P. 23 ...........................................................................................................1, 2, 4

Movant Debrob[1] respectfully submits this Memorandum of Law in further support of its motion for appointment as Lead Plaintiff and approval of its selection of Pomerantz as Lead Counsel (Dkt. No. 15); and in opposition to the competing motion of Chad Ricks ("Ricks") (Dkt. No. 12).[2]

**PRELIMINARY STATEMENT**

This is a class action securities fraud lawsuit against Lightspeed and certain of the Company's officers. As with all federal class action securities fraud lawsuits, a Lead Plaintiff must be appointed. The PSLRA governs that process and, pursuant to the PSLRA, the Court should appoint as Lead Plaintiff the movant or movants with the greatest financial interest in the outcome of the action; **and** who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Here, that movant is Debrob, having suffered $15,427,959 in connection with its purchases of Lightspeed securities as a result of the alleged fraud at issue in the Action, a greater financial interest in this litigation than any competing movant. The table below sets forth the losses of Debrob compared to those of the other movant:

| Movant | Loss |
|---|---|
| Debrob Investments Limited | $15,427,959 |
| Chad Ricks | $25,363 |

---

[1] All capitalized terms herein are defined in Debrob's moving brief, unless otherwise indicated. *See* Dkt. No. 15-2.

[2] Initially two other movants also filed competing motions: (1) Forest Diego Ltd. ("Forest Diego") (Dkt. No. 16) and (2) Simo Duvnjak ("Duvnjak") (Dkt. No. 20). Forest Diego subsequently filed a notice of non-opposition to competing motions, acknowledging that it did not appear to have alleged the largest financial interest in this litigation within the meaning of the PSRLA (Dkt. No. 24), and Duvnjak subsequently filed a notice of withdrawal of his motion (Dkt. No. 23).

Debrob's loss is significantly larger than that of any competing movant. The only other competing movant, Ricks, incurred a loss of only $25,363—more than $15.4M less than Debrob. As such, Debrob has the greatest financial interest of the PSLRA of any putative Class member seeking appointment as Lead Plaintiff. *See*, *e.g.*, *Chahal v. Credit Suisse Grp. AG*, 18-CV-2268 *et al.*, 2018 U.S. Dist. LEXIS 104185, at *12 (S.D.N.Y. June 21, 2018) (equating financial interest with economic loss).

In addition to its significant financial interest, Debrob also satisfies the adequacy and typicality requirements of Rule 23. Debrob, like all members of the Class, purchased Lightspeed securities at prices artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosure of those misrepresentations or omissions. These shared claims, which are based on the same legal theory, and arise from the same events and course of conduct as the Class claims, satisfy the requirements of Rule 23. *Aude v. Kobe Steel, Ltd.*, 17-CV-10085, 2018 U.S. Dist. LEXIS 57591, at *8 (S.D.N.Y. Apr. 4, 2018).

For the reasons set forth herein, Debrob respectfully submits that its motion should be granted in its entirety, and that the competing motions should be denied.

## ARGUMENT

### A.     DEBROB SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA creates a strong presumption that the lead plaintiff is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The movant that has the largest financial interest must "make a *prima facie* showing that they meet [the requirements of] Rule 23". *Aude*, 2018 U.S. Dist. LEXIS 57591, at *8; *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007). Once this presumption is triggered, it may be rebutted upon proof that the presumptive lead plaintiff will not fairly represent the interests of the Class. 15

U.S.C. § 78u–4(a)(3)(B)(iii)(II) (emphasis added).  Here, the most adequate class representative is Debrob.

### 1.        Debrob Has the "Largest Financial Interest"

The PSLRA requires a court to adopt a presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).  While the PSLRA itself does not provide any guidance concerning the method of calculating which plaintiff has the "largest financial interest," courts in the Second Circuit and around the country recognize that the amount of financial loss is the most significant factor to be considered.  *See*, *e.g.*, *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 128 (S.D.N.Y. 2011) (equating financial interest with economic loss); *Chahal*, 2018 U.S. Dist. LEXIS 104185, at *12 (same); *Nurlybaev v. ZTO Express (Cayman) Inc.*, 17-CV-06130 (LTS)(SN), 2017 U.S. Dist. LEXIS 187238, at *3 (S.D.N.Y. Nov. 13, 2017) (same); *In re Comverse Tech., Inc. Sec. Litig.,* No. 06-CV-1825, 2007 WL 680779, at *3 (E.D.N.Y. Mar. 2, 2007) (recognizing that most courts consider "the approximate loss a plaintiff suffered during the class period to be most influential in identifying the plaintiff with the largest financial interest"); *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 421, 511 (E.D. Pa. 2005) (finding the amount of the financial loss "the most significant" factor); *Takara Trust v. Molex, Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005) ("most courts simply determine which potential lead plaintiff has suffered the greatest total losses.").

As the chart at p. 1 illustrates, Debrob suffered a loss of $15,427,959 in connection with its Class Period purchases of Lightspeed securities.  Ricks, the only other competing movant, incurred a loss more than $15.4M less than that of Debrob.  Accordingly, no movant seeking appointment as lead plaintiff in the Action has alleged a larger financial interest in the litigation than Debrob.

## 2.    Debrob Otherwise Satisfies the Requirements of Rule 23

In addition to possessing the largest financial interest in the relief sought by the Class, Debrob has also made the requisite *prima facie* showing that it satisfies the typicality and adequacy requirements of Rule 23. *Aude*, 2018 WL 1634872, at *3; *Kaplan*, 240 F.R.D. at 94.

First, Debrob's claims satisfy the typicality requirements of Rule 23(a)(3) because its claims in the Action are based on the same legal theory and arise from the same events and course of conduct as the Class's claims. *In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 WL 2811358, at *5 (S.D.N.Y. July 7, 2008); *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 113, 120 (S.D.N.Y. 2010). Second, Debrob satisfies the adequacy requirement of Rule 23(a)(4) because it has a sufficient stake in the outcome of this litigation to ensure vigorous advocacy on behalf of the Class, is aware of no conflict between its interests and those of the putative Class, and, as discussed in greater detail below, it has selected counsel highly capable and experienced in prosecuting securities cases and managing complex litigation efficiently to serve as Lead Counsel for the Class. *Foley*, 272 F.R.D. at 131; *Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS), 2018 WL 1779348, at *2 (S.D.N.Y. Apr. 12, 2018). Debrob has further demonstrated its adequacy by the submission of a Declaration executed by Robert Saroli, in his capacity as its president, attesting to, *inter alia*, his background, his investing experience, his experience retaining and overseeing counsel, his understanding of the responsibilities of a Lead Plaintiff pursuant to the PSLRA, his decision to seek Debrob's appointment as Lead Plaintiff, and the steps that he is prepared to take on Debrob's behalf to prosecute this litigation on behalf of the Class. *See generally* Dkt. No. 15-7.

* * * *

Because Debrob has the largest financial interest in the relief sought by the Class and otherwise satisfies Rule 23, it is the presumptive "most adequate plaintiff" of the Class within the

4

meaning of the PSLRA.  To overcome the strong presumption entitling Debrob to appointment as Lead Plaintiff, the PSLRA requires **"*proof*"** that the presumptive Lead Plaintiff is inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added).  No such proof exists in this case and any arguments to the contrary should be flatly rejected.

### B.      LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to Court approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should only interfere with Lead Plaintiff's choice if necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA 'evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.'" (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008)); *In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 151 (D. Del. 2005).

Here, Debrob has selected Pomerantz as Lead Counsel for the Class.  As its resume reflects, Pomerantz is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors.  In 2018 alone, Pomerantz secured a settlement of nearly $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A.–Petrobras—the largest securities class action settlement in a decade—and an $80 million settlement on behalf of Yahoo Inc. investors. *See* Dkt. No. 15-8.  More recently, Pomerantz, as Co-Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors, reached a $110 million settlement with the company.  *Id.*

5

Thus, the Court may be assured that by approving the selection of counsel by Debrob, the members of the class will receive the best legal representation available.

**CONCLUSION**

For the foregoing reasons, Debrob respectfully requests that the Court issue an Order: (1) appointing Debrob as Lead Plaintiff for the Class; and (2) approving Pomerantz as Lead Counsel for the Class.

Dated:  February 1, 2022                          Respectfully submitted,

POMERANTZ LLP

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
J. Alexander Hood II
Thomas H. Przybylowski
600 Third Avenue
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com
tprzybylowski@pomlaw.com

*Counsel for Debrob Investments Limited and*
*Proposed Lead Counsel for the Class*