# EXHIBIT P-L

Case 1:21-cv-06365-BMC   Document 39-12   Filed 08/11/22   Page 2 of 13 PageID #: 1445

EX-99.3 4 lighspeedq2-52x109f2ce.htm EX-99.3

**FORM 52-109F2**
**CERTIFICATION OF INTERIM FILINGS**
**FULL CERTIFICATE**

I, Dax Dasilva, in the capacity of chief executive officer of Lightspeed POS Inc. (the "**issuer**"), certify the following:

1. *Review:* I have reviewed the interim financial report and interim MD&A (together, the "interim filings") of the issuer for the interim period ended September 30, 2020.

2. *No misrepresentations***:** Based on my knowledge, having exercised reasonable diligence, the interim filings do not contain any untrue statement of a material fact or omit to state a material fact required to be stated or that is necessary to make a statement not misleading in light of the circumstances under which it was made, with respect to the period covered by the interim filings.

3. *Fair presentation:* Based on my knowledge, having exercised reasonable diligence, the interim financial report together with the other financial information included in the interim filings fairly present in all material respects the financial condition, financial performance and cash flows of the issuer, as of the date of and for the periods presented in the interim filings.

4. *Responsibility***:** The issuer's other certifying officer and I are responsible for establishing and maintaining disclosure controls and procedures (DC&P) and internal control over financial reporting (ICFR), as those terms are defined in National Instrument 52-109 Certification of Disclosure in Issuers' Annual and Interim Filings, for the issuer.

5. *Design:* Subject to the limitations, if any, described in paragraphs 5.2 and 5.3, the issuer's other certifying officer and I have, as at the end of the period covered by the interim filings

   (a) designed DC&P, or caused it to be designed under our supervision, to provide reasonable assurance that
   (i)    material information relating to the issuer is made known to us by others, particularly during the period in which the interim filings are being prepared; and
   (ii)   information required to be disclosed by the issuer in its annual filings, interim filings or other reports filed or submitted by it under securities legislation is recorded, processed, summarized and reported within the time periods specified in securities legislation; and
   (b) designed ICFR, or caused it to be designed under our supervision, to provide reasonable assurance regarding the reliability of financial reporting and the preparation of financial statements for external purposes in accordance with the issuer's GAAP.

5.1  *Control framework:* The control framework the issuer's other certifying officer(s) and I used to design the issuer's ICFR is Internal Control – Integrated Framework (COSO 1992 Framework) published by The Committee of Sponsoring Organizations of the Treadway Commission.

5.2  N/A

5.3  *Limitation on scope of design:* The issuer has disclosed in its interim MD&A:

    (a)    the fact that issuer's certifying officer(s) and I have limited the scope of our design of DC&P and ICFR to exclude controls, policies and procedures of a business that the issuer acquired not more than 365 days before the last day of the period covered by the interim filings; and

    (b)    summary financial information about the business that the issuer acquired that has been consolidated in the issuer's financial statements.

6.  *Reporting changes in ICFR:* The issuer has disclosed in its interim MD&A any change in the issuer's ICFR that occurred during the period beginning on July 1, 2020 and ended on September 30, 2020 that has materially affected, or is reasonably likely to materially affect, the issuer's ICFR.

Date: November 5, 2020

*(signed) Dax Dasilva*
_____

Name: Dax Dasilva
Title: Chief Executive Officer, signing in capacity of chief executive officer

Case 1:21-cv-06365-BMC   Document 39-12   Filed 08/11/22   Page 4 of 13 PageID #: 1447

EX-99.4 5 lighspeedq2-52x109f2cf.htm EX-99.4

**FORM 52-109F2**
**CERTIFICATION OF INTERIM FILINGS**
**FULL CERTIFICATE**

I, Brandon Nussey, in the capacity of chief financial officer of Lightspeed POS Inc. (the "**issuer**"), certify the following:

1. *Review:* I have reviewed the interim financial report and interim MD&A (together, the "interim filings") of the issuer for the interim period ended September 30, 2020.

2. *No misrepresentations***:** Based on my knowledge, having exercised reasonable diligence, the interim filings do not contain any untrue statement of a material fact or omit to state a material fact required to be stated or that is necessary to make a statement not misleading in light of the circumstances under which it was made, with respect to the period covered by the interim filings.

3. *Fair presentation:* Based on my knowledge, having exercised reasonable diligence, the interim financial report together with the other financial information included in the interim filings fairly present in all material respects the financial condition, financial performance and cash flows of the issuer, as of the date of and for the periods presented in the interim filings.

4. *Responsibility***:** The issuer's other certifying officer and I are responsible for establishing and maintaining disclosure controls and procedures (DC&P) and internal control over financial reporting (ICFR), as those terms are defined in National Instrument 52-109 Certification of Disclosure in Issuers' Annual and Interim Filings, for the issuer.

5. *Design:* Subject to the limitations, if any, described in paragraphs 5.2 and 5.3, the issuer's other certifying officer and I have, as at the end of the period covered by the interim filings

   (a) designed DC&P, or caused it to be designed under our supervision, to provide reasonable assurance that
       (i)   material information relating to the issuer is made known to us by others, particularly during the period in which the interim filings are being prepared; and
       (ii)  information required to be disclosed by the issuer in its annual filings, interim filings or other reports filed or submitted by it under securities legislation is recorded, processed, summarized and reported within the time periods specified in securities legislation; and
   (b) designed ICFR, or caused it to be designed under our supervision, to provide reasonable assurance regarding the reliability of financial reporting and the preparation of financial statements for external purposes in accordance with the issuer's GAAP.

5.1 ***Control framework:*** The control framework the issuer's other certifying officer(s) and I used to design the issuer's ICFR is Internal Control – Integrated Framework (COSO 1992 Framework) published by The Committee of Sponsoring Organizations of the Treadway Commission.

5.2 N/A

5.3 ***Limitation on scope of design:*** The issuer has disclosed in its interim MD&A:
  (a) the fact that issuer's certifying officer(s) and I have limited the scope of our design of DC&P and ICFR to exclude controls, policies and procedures of a business that the issuer acquired not more than 365 days before the last day of the period covered by the interim filings; and
  (b) summary financial information about the business that the issuer acquired that has been consolidated in the issuer's financial statements.

6. ***Reporting changes in ICFR:*** The issuer has disclosed in its interim MD&A any change in the issuer's ICFR that occurred during the period beginning on July 1, 2020 and ended on September 30, 2020 that has materially affected, or is reasonably likely to materially affect, the issuer's ICFR.

Date: November 5, 2020

*(signed) Brandon Nussey*
_____

Name: Brandon Nussey
Title: Chief Financial Officer, signing in capacity of chief financial officer

Case 1:21-cv-06365-BMC   Document 39-12   Filed 08/11/22   Page 6 of 13 PageID #: 1449

EX-99.3 4 lightspeedq3-52x109f2ceoen.htm EX-99.3

**FORM 52-109F2**
**CERTIFICATION OF INTERIM FILINGS**
**FULL CERTIFICATE**

I, Dax Dasilva, in the capacity of chief executive officer of Lightspeed POS Inc. (the "**issuer**"), certify the following:

1. ***Review:*** I have reviewed the interim financial report and interim MD&A (together, the "interim filings") of the issuer for the interim period ended December 31, 2020.

2. ***No misrepresentations***: Based on my knowledge, having exercised reasonable diligence, the interim filings do not contain any untrue statement of a material fact or omit to state a material fact required to be stated or that is necessary to make a statement not misleading in light of the circumstances under which it was made, with respect to the period covered by the interim filings.

3. ***Fair presentation:*** Based on my knowledge, having exercised reasonable diligence, the interim financial report together with the other financial information included in the interim filings fairly present in all material respects the financial condition, financial performance and cash flows of the issuer, as of the date of and for the periods presented in the interim filings.

4. ***Responsibility***: The issuer's other certifying officer and I are responsible for establishing and maintaining disclosure controls and procedures (DC&P) and internal control over financial reporting (ICFR), as those terms are defined in National Instrument 52-109 Certification of Disclosure in Issuers' Annual and Interim Filings, for the issuer.

5. ***Design:*** Subject to the limitations, if any, described in paragraphs 5.2 and 5.3, the issuer's other certifying officer and I have, as at the end of the period covered by the interim filings

   (a) designed DC&P, or caused it to be designed under our supervision, to provide reasonable assurance that
   
   (i)      material information relating to the issuer is made known to us by others, particularly during the period in which the interim filings are being prepared; and
   
   (ii)     information required to be disclosed by the issuer in its annual filings, interim filings or other reports filed or submitted by it under securities legislation is

recorded, processed, summarized and reported within the time periods specified in securities legislation; and

(b) designed ICFR, or caused it to be designed under our supervision, to provide reasonable assurance regarding the reliability of financial reporting and the preparation of financial statements for external purposes in accordance with the issuer's GAAP.

5.1 *Control framework:* The control framework the issuer's other certifying officer(s) and I used to design the issuer's ICFR is Internal Control – Integrated Framework (COSO 1992 Framework) published by The Committee of Sponsoring Organizations of the Treadway Commission.

5.2 N/A

5.3 *Limitation on scope of design:* The issuer has disclosed in its interim MD&A:

(a)     the fact that issuer's certifying officer(s) and I have limited the scope of our design of DC&P and ICFR to exclude controls, policies and procedures of a business that the issuer acquired not more than 365 days before the last day of the period covered by the interim filings; and

(b)     summary financial information about the business that the issuer acquired that has been consolidated in the issuer's financial statements.

6.     *Reporting changes in ICFR:* The issuer has disclosed in its interim MD&A any change in the issuer's ICFR that occurred during the period beginning on October 1, 2020 and ended on December 31, 2020 that has materially affected, or is reasonably likely to materially affect, the issuer's ICFR.

Date: February 4, 2021

*(signed) Dax Dasilva*
_____

Name: Dax Dasilva
Title: Chief Executive Officer, signing in capacity of chief executive officer

EX-99.4 5 lighspeedq3-52x109f2cfoen1.htm EX-99.4

**FORM 52-109F2**
**CERTIFICATION OF INTERIM FILINGS**
**FULL CERTIFICATE**

I, Brandon Nussey, in the capacity of chief financial officer of Lightspeed POS Inc. (the "**issuer**"), certify the following:

1.  *Review:* I have reviewed the interim financial report and interim MD&A (together, the "interim filings") of the issuer for the interim period ended December 31, 2020.

2.  *No misrepresentations*: Based on my knowledge, having exercised reasonable diligence, the interim filings do not contain any untrue statement of a material fact or omit to state a material fact required to be stated or that is necessary to make a statement not misleading in light of the circumstances under which it was made, with respect to the period covered by the interim filings.

3.  *Fair presentation:* Based on my knowledge, having exercised reasonable diligence, the interim financial report together with the other financial information included in the interim filings fairly present in all material respects the financial condition, financial performance and cash flows of the issuer, as of the date of and for the periods presented in the interim filings.

4.  *Responsibility*: The issuer's other certifying officer and I are responsible for establishing and maintaining disclosure controls and procedures (DC&P) and internal control over financial reporting (ICFR), as those terms are defined in National Instrument 52-109 Certification of Disclosure in Issuers' Annual and Interim Filings, for the issuer.

5.  *Design:* Subject to the limitations, if any, described in paragraphs 5.2 and 5.3, the issuer's other certifying officer and I have, as at the end of the period covered by the interim filings

    (a) designed DC&P, or caused it to be designed under our supervision, to provide reasonable assurance that
       (i)     material information relating to the issuer is made known to us by others, particularly during the period in which the interim filings are being prepared; and
       (ii)    information required to be disclosed by the issuer in its annual filings, interim filings or other reports filed or submitted by it under securities legislation is

recorded, processed, summarized and reported within the time periods specified in securities legislation; and

(b) designed ICFR, or caused it to be designed under our supervision, to provide reasonable assurance regarding the reliability of financial reporting and the preparation of financial statements for external purposes in accordance with the issuer's GAAP.

5.1 *Control framework:* The control framework the issuer's other certifying officer(s) and I used to design the issuer's ICFR is Internal Control – Integrated Framework (COSO 1992 Framework) published by The Committee of Sponsoring Organizations of the Treadway Commission.

5.2 N/A

5.3 *Limitation on scope of design:* The issuer has disclosed in its interim MD&A:

(a) the fact that issuer's certifying officer(s) and I have limited the scope of our design of DC&P and ICFR to exclude controls, policies and procedures of a business that the issuer acquired not more than 365 days before the last day of the period covered by the interim filings; and

(b) summary financial information about the business that the issuer acquired that has been consolidated in the issuer's financial statements.

6. *Reporting changes in ICFR:* The issuer has disclosed in its interim MD&A any change in the issuer's ICFR that occurred during the period beginning on October 1, 2020 and ended on December 31, 2020 that has materially affected, or is reasonably likely to materially affect, the issuer's ICFR.

Date: February 4, 2021

*(signed) Brandon Nussey*
_____

Name: Brandon Nussey
Title: Chief Financial Officer, signing in capacity of chief financial officer

Case 1:21-cv-06365-BMC   Document 39-12   Filed 08/11/22   Page 10 of 13 PageID #: 1453

EX-99.3 4 lightspeedq1fy22-52x109f2c.htm EX-99.3

**FORM 52-109F2**

**CERTIFICATION OF INTERIM FILINGS**

**FULL CERTIFICATE**

I, Dax Dasilva, in the capacity of chief executive officer of Lightspeed POS Inc. (the "**issuer**"), certify the following:

1.  *Review:* I have reviewed the interim financial report and interim MD&A (together, the "interim filings") of the issuer for the interim period ended June 30, 2021.

2.  *No misrepresentations***:** Based on my knowledge, having exercised reasonable diligence, the interim filings do not contain any untrue statement of a material fact or omit to state a material fact required to be stated or that is necessary to make a statement not misleading in light of the circumstances under which it was made, with respect to the period covered by the interim filings.

3.  *Fair presentation:* Based on my knowledge, having exercised reasonable diligence, the interim financial report together with the other financial information included in the interim filings fairly present in all material respects the financial condition, financial performance and cash flows of the issuer, as of the date of and for the periods presented in the interim filings.

4.  *Responsibility***:** The issuer's other certifying officer and I are responsible for establishing and maintaining disclosure controls and procedures (DC&P) and internal control over financial reporting (ICFR), as those terms are defined in National Instrument 52-109 Certification of Disclosure in Issuers' Annual and Interim Filings, for the issuer.

5.  *Design:* Subject to the limitations, if any, described in paragraphs 5.2 and 5.3, the issuer's other certifying officer and I have, as at the end of the period covered by the interim filings

    (a) designed DC&P, or caused it to be designed under our supervision, to provide reasonable assurance that

    (i)     material information relating to the issuer is made known to us by others, particularly during the period in which the interim filings are being prepared; and

    (ii)    information required to be disclosed by the issuer in its annual filings, interim filings or other reports filed or submitted by it under securities legislation is

recorded, processed, summarized and reported within the time periods specified in securities legislation; and

(b) designed ICFR, or caused it to be designed under our supervision, to provide reasonable assurance regarding the reliability of financial reporting and the preparation of financial statements for external purposes in accordance with the issuer's GAAP.

5.1 **Control framework:** The control framework the issuer's other certifying officer(s) and I used to design the issuer's ICFR is Internal Control – Integrated Framework (COSO 2013 Framework) published by The Committee of Sponsoring Organizations of the Treadway Commission.

5.2 N/A

5.3 **Limitation on scope of design:** The issuer has disclosed in its interim MD&A:

    (a) the fact that issuer's certifying officer(s) and I have limited the scope of our design of DC&P and ICFR to exclude controls, policies and procedures of a business that the issuer acquired not more than 365 days before the last day of the period covered by the interim filings; and

    (b) summary financial information about the business that the issuer acquired that has been consolidated in the issuer's financial statements.

6. **Reporting changes in ICFR:** The issuer has disclosed in its interim MD&A any change in the issuer's ICFR that occurred during the period beginning on April 1, 2021 and ended on June 30, 2021 that has materially affected, or is reasonably likely to materially affect, the issuer's ICFR.

Date: August 5, 2021

*(signed) Dax Dasilva*

Name: Dax Dasilva

Title: Chief Executive Officer, signing in capacity of chief executive officer

EX-99.4 5 lightspeedq1fy22-52x109f2ca.htm EX-99.4

**FORM 52-109F2**
**CERTIFICATION OF INTERIM FILINGS**
**FULL CERTIFICATE**

I, Brandon Nussey, in the capacity of chief financial officer of Lightspeed POS Inc. (the "**issuer**"), certify the following:

1. *Review:* I have reviewed the interim financial report and interim MD&A (together, the "interim filings") of the issuer for the interim period ended June 30, 2021.

2. *No misrepresentations***:** Based on my knowledge, having exercised reasonable diligence, the interim filings do not contain any untrue statement of a material fact or omit to state a material fact required to be stated or that is necessary to make a statement not misleading in light of the circumstances under which it was made, with respect to the period covered by the interim filings.

3. *Fair presentation:* Based on my knowledge, having exercised reasonable diligence, the interim financial report together with the other financial information included in the interim filings fairly present in all material respects the financial condition, financial performance and cash flows of the issuer, as of the date of and for the periods presented in the interim filings.

4. *Responsibility***:** The issuer's other certifying officer and I are responsible for establishing and maintaining disclosure controls and procedures (DC&P) and internal control over financial reporting (ICFR), as those terms are defined in National Instrument 52-109 Certification of Disclosure in Issuers' Annual and Interim Filings, for the issuer.

5. *Design:* Subject to the limitations, if any, described in paragraphs 5.2 and 5.3, the issuer's other certifying officer and I have, as at the end of the period covered by the interim filings

   (a) designed DC&P, or caused it to be designed under our supervision, to provide reasonable assurance that

      (i)   material information relating to the issuer is made known to us by others, particularly during the period in which the interim filings are being prepared; and

      (ii)  information required to be disclosed by the issuer in its annual filings, interim filings or other reports filed or submitted by it under securities legislation is

recorded, processed, summarized and reported within the time periods specified in securities legislation; and

(b) designed ICFR, or caused it to be designed under our supervision, to provide reasonable assurance regarding the reliability of financial reporting and the preparation of financial statements for external purposes in accordance with the issuer's GAAP.

5.1 *Control framework:* The control framework the issuer's other certifying officer(s) and I used to design the issuer's ICFR is Internal Control – Integrated Framework (COSO 2013 Framework) published by The Committee of Sponsoring Organizations of the Treadway Commission.

5.2 N/A

5.3 *Limitation on scope of design:* The issuer has disclosed in its interim MD&A:

(a) the fact that issuer's certifying officer(s) and I have limited the scope of our design of DC&P and ICFR to exclude controls, policies and procedures of a business that the issuer acquired not more than 365 days before the last day of the period covered by the interim filings; and

(b) summary financial information about the business that the issuer acquired that has been consolidated in the issuer's financial statements.

6. *Reporting changes in ICFR:* The issuer has disclosed in its interim MD&A any change in the issuer's ICFR that occurred during the period beginning on April 1, 2021 and ended on June 30, 2021 that has materially affected, or is reasonably likely to materially affect, the issuer's ICFR.

Date: August 5, 2021

*(signed) Brandon Nussey*
_____

Name: Brandon Nussey

Title: Chief Financial and Operations Officer, signing in capacity of chief financial officer